IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEE SCHROEDER,  Plaintiff,  v.  H&R BLOCK EASTERN ENTERPRISES, INC.,  Defendant. | No. 3:11-cv-00507  Judge Nixon  Magistrate Judge Knowles  JURY DEMAND |

## ORDER

Pending before the Court is Defendant H&R Block Eastern Enterprises, Inc.'s Motion to Dismiss (Doc. No. 12), filed with a supporting Memorandum (Doc. No. 13). The Motion requests that Plaintiff Lee Schroeder's Complaint be dismissed for his failure to prosecute this case. (Doc. No. 12.) The Motion also requests that Plaintiff be required to pay Defendant's reasonable expenses in defending this action to date. (Doc. No. 13 at 4.)

On February 13, 2012, Plaintiff's attorneys moved to withdraw as his counsel of record due to their inability to contact Plaintiff and secure his cooperation in prosecuting this matter. (Doc. No. 8.) The Court granted that motion on February 16, 2012, and ordered Plaintiff to have new counsel appear on his behalf or announce his intention to proceed *pro se* within twenty days. (Doc. No. 9.) The Court's Order warned that Plaintiff's failure to comply could result in dismissal of his case. (*Id.*) A certified mail return receipt indicates that Plaintiff received and signed for the Order on March 3, 2012. (Doc. No. 11.) Plaintiff has not taken action in compliance with the Court's February 16 Order, nor any other action in furtherance of prosecuting his claims, including filing a response in opposition to Defendant's Motion to

1

Dismiss. Further, Defendant was forced to file a Motion to Compel due to Plaintiff's failure to respond to discovery requests since September 16, 2011. (Doc. No. 7.)

A Court may dismiss an action under Federal Rule of Civil Procedure 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. The purpose of Rule 41(b) is to give district courts "a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). A court should consider (1) whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). None of the factors is dispositive, and dismissal is appropriate "where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Plaintiff has apparently abandoned his claims, to the detriment of his former attorneys, Defendant, and this Court, who have all expended resources on this litigation since it was filed more than a year ago. There is now clear evidence that Plaintiff's failure to pursue his claims is wilful, as he received but chose to ignore the Court's February 16 Order. The Court warned Plaintiff that failure to comply with the Court's orders could result in dismissal of his case. Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rule 41(b) for Plaintiff's failure to cooperate with his attorneys or otherwise prosecute his case, failure to respond to discovery requests, and failure to comply with the Court's February 16 Order. Plaintiff has demonstrated a lack of intent to prosecute this action.

Defendant's Motion is therefore **GRANTED in part** as to its request for dismissal. A dismissal under Rule 41(b) operates as an adjudication on the merits. Accordingly, this action **DISMISSED with prejudice**. However, Defendant has not addressed its entitlement to expenses beyond its request, nor has Defendant provided an accounting of the expenses it has incurred in defending this case. Defendant is therefore granted leave to file a separate motion on its request for an award of expenses within thirty days of the entry of this Order.

It is so ORDERED.

Entered this the 1st day of June, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT