IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEE SCHROEDER, | ) |
| | ) |
| Plaintiff, | ) No. 3:11-cv-00507 |
| | ) |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Knowles |
| H&R BLOCK EASTERN | ) |
| ENTERPRISES, INC., | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant H&R Block Eastern Enterprises, Inc.'s Motion for Award of Attorney's Fees ("Motion") (Doc. No. 21), filed with a Memorandum in Support (Doc. No. 22), an affidavit of attorney Hillary L. Klein (Doc. No. 21-1), and other supporting documentation (Doc. No. 21-2). Also pending before the Court is Defendant's Motion to Ascertain Status of Motion for Award of Attorney's Fees. (Doc. No. 25.) Plaintiff Lee Schroeder has not responded to the Motion. Pursuant to Local Rule 7.01(b), failure to timely respond to a motion "shall indicate that there is no opposition to the motion."

This action was dismissed by Order of the Court on June 1, 2012, as a result of Plaintiff's willful failure to prosecute. (Doc. No. 17.) In that Order, the Court granted Defendant leave to file a motion for attorney's fees within thirty days of the entry of that Order. (*Id.* at 3.) Defendant timely filed the instant Motion.

Defendant now seeks attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A) for the work performed by Defendant's counsel in attempting to secure Plaintiff's compliance with discovery obligations, preparing a motion to compel discovery (Doc. No. 7), and preparing the instant Motion (Doc. No. 22). Under Rule 37(a)(5)(A), when, as in this case, a motion to compel discovery is granted (*see* Doc. No. 14), "the court must, after giving an opportunity to be heard,

1

require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fees incurred by a movant in attempting to resolve discovery issues prior to court involvement may also be assessed against the responsible party because such efforts are "a necessary precondition to recovering expenses and attorney's fees for an opposing party's discovery failures." *Moore v. Weinstein Co., LLC*, No. 3:09-CV-00166, 2012 WL 1657968, at *5 (M.D. Tenn. May 11, 2012) (slip copy).

Defendant has submitted documentation showing that it incurred $1,873.15 in attorney's fees for the 7.1 hours of work performed in attempting to communicate with Plaintiff regarding Plaintiff's discovery obligations and in preparing the motion to compel discovery. (Doc. No. 22.) The documentation describes with particularity the tasks performed, hours billed, and hourly rates charged by the three attorneys who participated in these efforts. (*Id.*) The Court finds the requested award for this work to be reasonable. Additionally, Defendant requests $2,118.80 for the 8.9 hours of worked performed in preparing the instant Motion for Attorney's Fees. (*Id.*) The Court finds this request to be excessive.

Obviously, there are opportunity costs involved with attorneys preparing a motion for attorney's fees. It is not the Court's position that the movant should not be at all reimbursed for that work. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 620 (6th Cir. 2007) (observing that "time spent in preparing, presenting, and trying attorney fee applications is compensable as part of the reasonable fee" award) (citations omitted). However, it seems problematic that Defendant is requesting a higher award for the preparation of the instant Motion than the amount it requests for the work associated with securing discovery in this case. In *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986), the court held that the number of compensable hours for preparing and successfully litigating a motion for attorney's fees should be limited to three percent of the hours spent litigating the case itself ("3% rule"). The 3% rule was recently discussed in *Moore*, where a modification of the rule was applied to a motion to compel discovery under Rule 37. 2012 Wl

1657968 at *5. There, defendants requested compensation for twenty-five hours of work spent preparing a motion for attorney's fees related to a discovery matter on which their attorneys spent sixty-eight hours. *Id.* at *3. The *Moore* court, on the recommendation of a Magistrate Judge, reduced the compensable hours for preparing the motion for attorney's fees from twenty-five to two. *Id.* at *4.

The Court believes a similar reduction is appropriate here. Like the court in *Moore*, this Court declines to strictly apply the 3% rule, as Defendant is requesting attorney's fees only for its discovery efforts, not for the time it expended on the entire case. The Court finds Defendant should be compensated in this case for no more than ten percent, or .89 hours, of the 8.9 hours claimed for the work performed on the instant Motion. For that time, the Court applies the hourly rate of the highest-paid attorney; thus, Defendant shall be awarded $316 for the work performed by counsel in preparing the instant Motion. The Court finds that this is reasonable for the services performed and consistent with Sixth Circuit precedent and the decisions of this district.

Accordingly, Defendant's Motion is **GRANTED in part;** Defendant is awarded attorney's fees in the amount of $2,189.50, to be paid by Plaintiff Lee Schroeder. Defendant's Motion to Ascertain Status (Doc. No. 25) is **TERMINATED as moot.**

It is so ORDERED.

Entered this ___27th___ day of March, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT